**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 30 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-16217 |
| Plaintiff-Appellee, | D.C. No.<br>3:18-cv-00063-MMD-WGC |
| v. | |
| SPENCER J. STEELE, | MEMORANDUM* |
| Defendant-Appellant, | |
| and | |
| JAY SORDEAN, as the successor trustee of the Desert Lake Trust created on 10/1/2005; STEWART TITLE COMPANY, as the successor in interest to Stewart Title of Douglas County, | |
| Defendants. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, Chief District Judge, Presiding

Submitted November 25, 2020**
San Francisco, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: O'SCANNLAIN, TROTT, and N.R. SMITH, Circuit Judges.
Dissent by Judge N.R. SMITH

Spencer Steele appeals from the district court's grant of summary judgment in favor of the United States in this tax-enforcement action. Because the facts are known to the parties, we repeat them only as necessary to explain our decision.

The district court correctly found that the government may impose tax liens against the Genoa Street property because the record demonstrates that the Desert Lake Trust held bare title to the property as Steele's nominee. *See Fourth Inv. LP v. United States*, 720 F.3d 1058, 1066–67 (9th Cir. 2013). It is undisputed that: Steele's attorney drafted the documents to create the trust, which Steele hoped would protect his assets from debt collectors; Steele paid for the trust's purchase of the home, yet then paid the trust monthly rent to live in the home under a 99-year lease agreement; the trust had no income other than Steele's rent payments and thus "repaid" Steele for the purchase loan by re-routing his own money back to him; the trust did nothing with its income other than make monthly loan repayments to Steele, pay for the home's taxes, insurance, and maintenance, and cover the trust's own administrative expenses; and Steele used the home as his personal residence. On this record, there is no reasonable dispute that the trust held title to the home only nominally and that Steele "exercised active [and]

2

substantial control over the property." *Id.* at 1070 (internal quotation marks omitted). [1]

Because the Desert Lake Trust acted as Steele's nominee, we do not consider whether, for tax purposes, the trust itself may be set aside as a sham.

**AFFIRMED.**

---

[1] Contrary to the suggestion of the dissent, it appears that the district court did not fail to look to Nevada law on this question. Rather, the district court looked to Nevada's law and found that it does not provide clear guidance on how a court should evaluate whether a nominee relationship exists. Accordingly, the court could infer that "if the [Nevada] Supreme Court had occasion to evaluate the factors relevant to determining nominee ownership under [Nevada] law, it would adopt the uniform set of factors generally recognized by federal courts." *Fourth Inv. LP*, 720 F.3d at 1069; *see also id.* ("[F]ederal courts evaluating ill-defined nominee doctrines in Alabama, Maine, Montana, Nebraska, New Jersey, and Virginia, have looked to federal law to supply standards for evaluating that state's nominee doctrine." (internal quotation marks omitted)).



***United States v. Steele***, **Case No. 19-16217**
**N.R. SMITH, Circuit Judge, dissenting:**

Because I believe the district court should have looked to Nevada law to

determine whether a nominee relationship (or a substantively similar agency

relationship, *see Edelstein v. Bank of N.Y. Mellon*, 286 P.3d 249, 258–59 (Nev.

2012)) existed between Steele and the Desert Lake Trust, I would remand to the

district court to address this question in the first instance, *see United States v.*

*Sellers*, 906 F.3d 848, 855 (9th Cir. 2018).

Moreover, even if the district court applied the correct legal test, I question

whether it viewed all facts and drew all inferences in the light most favorable to

Steele, the nonmoving party, as is required on summary judgment. *See Tolan v.*

*Cotton*, 572 U.S. 650, 651 (2014) (per curiam). Indeed, the evidence Steele

highlights in his briefing seems to create a genuine issue of material fact as to

"whether the taxpayer exercised active or substantial control over the property."

*Fourth Inv. LP v. United States*, 720 F.3d 1058, 1070 (9th Cir. 2013) (quoting *In re*

*Richards*, 231 B.R. 571, 579 (E.D. Pa. 1999)).

Finally, addressing the district court's alternative finding that the Desert

Lake Trust can be set aside as a sham, I am not convinced, given the standard of

review on a motion for summary judgment, *see Tolan*, 572 U.S. at 651, that the

evidence supports such a finding.

1